United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN M.,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, et al.,<br>Defendants. | Case No. 3:25-cv-10585-JSC<br><br>**ORDER RE: SOCIAL SECURITY APPEAL**<br><br>Re: Dkt. Nos. 15, 16 |

Plaintiff seeks social security benefits for a combination of mental impairments including: adjustment disorder with depressed mood and post-traumatic stress disorder. (Administrative Record ("AR") 69.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying her benefits claim. After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and AFFIRMS the Commissioner's decision.

## BACKGROUND

### A. Procedural History

Plaintiff applied for disability insurance benefits (DIB) under Title II of the Social Security Act in December 2016. (Administrative Record ("AR") 267.) Plaintiff alleged a disability onset date of March 1, 2011 due to post-traumatic stress disorder (PTSD). (AR 69.) Her application was denied initially and upon reconsideration. (AR 68, 81.) An Administrative Law Judge (ALJ) held a hearing on May 17, 2018. (AR 48-67.) On October 12, 2018, the ALJ issued a decision denying Plaintiff's application for disability benefits. (AR 32-41). The ALJ found Plaintiff was not disabled and the Appeals Council subsequently denied review making the ALJ's decision final. (AR 15.) Plaintiff then filed a request for review in this Court. *See Lauren E. M. v. Saul*, No. 19-CV-01983-JSC, (N.D. Cal.).

On November 9, 2020, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross-motion, and remanded for further proceedings. The Court found the ALJ: (1) failed to provide specific, clear and convincing reasons supported by substantial evidence for giving no weight to Plaintiff's Department of Veterans Affairs (VA) disability determination, and (2) failed to offer clear and convincing reasons for rejecting the uncontradicted opinion of Dr. Dixit. *Lauren E. M. v. Saul*, No. 19-CV-01983-JSC, 2020 WL 6562323 (N.D. Cal. Nov. 9, 2020). The Court remanded to the ALJ for further proceedings consistent with its order.

On remand, the ALJ held a further telephone hearing on September 9, 2021 at which Plaintiff, medical expert Dr. Lillie McCain, and vocational expert Cheryl Chandler testified. (AR 1127-1166.) Less than a month later, the ALJ issued his decision again finding Plaintiff was not disabled. (AR 1191-1204.) The ALJ initially determined Plaintiff met the requirements for disability insurance benefits through March 31, 2016. (AR 1193.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date of March 1, 2011 through her date of last insured of March 31, 2016. (AR 1194.) At step two, the ALJ found Plaintiff had the following medically determinable impairments: adjustment disorder with depressed mood; post-traumatic stress disorder (PTSD); panic disorder; and major depressive disorder, but that she did not have a severe impairment or combination of impairments. (AR 1194.) As such, the ALJ found that she was not under a disability at any time from March 1, 2011 through March 31, 2016. (AR 1204.) Plaintiff appealed to this Court and the Court granted summary judgment in Plaintiff's favor finding the ALJ's decision suffered from essentially the same issues as before and again remanded to the Agency. *See Lauren M. v. Kijakazi*, No. 22-CV-02692-JSC, 2023 WL 1997775 (N.D. Cal. Feb. 14, 2023); *Lauren M. v. Kijakazi*, No. 22-CV-02692-JSC, 2023 WL 2743579 (N.D. Cal. Mar. 31, 2023).

On remand, the case was assigned to a new ALJ who issued a decision again finding Plaintiff not disabled. (AR 1457, AR 1463-1483.) The Appeals Council reviewed the decision and remanded the case to the ALJ to "fully comply with the February 14, 2023 and March 31, 2023 remand order[s]." (AR 1493.) The ALJ was instructed to: (1) comply with the remand orders; (2) give further consideration to Plaintiff's residual functional capacity (RFC), and (3) if necessary obtain evidence

from a vocational expert to clarify the effect of the assessed limitations. (AR 1495.) On April 8, 2025 the ALJ held a further telephonic hearing at which Plaintiff and a vocational expert testified. (AR 1386-1405.) On April 24, 2025, the new ALJ issued a 28-page decision in which she addressed each of the Court's reasons for remand in detail and concluded Plaintiff was not under a disability at any time from March 1, 2011 through March 31, 2016. (AR 1349-1376.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 1339.) Plaintiff then sought review in this Court. (Dkt. No. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-briefs on appeal. (Dkt. Nos. 15, 16.)

**B. Issues for Review**

1. Did the ALJ err by failing to give sufficient weight to the VA determination that Plaintiff was 100% totally and permanently disabled?
2. Did the ALJ err by finding Plaintiff did not have a listed impairment?
3. Did the ALJ err by concluding the gap in treatment was indicative of a period of no disability?
4. Was the ALJ's Proposed Residual Functional Capacity Supported by Substantial Evidence?

## LEGAL STANDARD

A claimant is considered "disabled" under the Act if he meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough she is unable to do her previous work and cannot, based on her age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or

combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's RFC, she can still do her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), superseded by regulation on other grounds; *see* 20 C.F.R. § 404.1520(a).

The court must affirm "the Commissioner's decision unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (cleaned up). Under the substantial-evidence standard, the court looks to the existing administrative record and ask "whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (cleaned up). "Substantial" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

This is the third time this matter has come before the Court. Plaintiff contends the ALJ's new decision fails to comply with the remand orders and suffers from many of the same issues as before.

### A. The VA's Disability Determination

Plaintiff insists the ALJ again failed to give sufficient weight to the VA determination she was 100 percent totally and permanently disabled. When assessing disability, an ALJ must consider any VA determinations and ordinarily must assign such determinations great weight. *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018). An ALJ may only give less than great weight to a VA determination if the ALJ gives "persuasive, specific, [and] valid reasons for doing so that are supported by the record." *Id*. at 876–77.

The ALJ found the VA's determination "not fully supported" for several reasons which generally fall in three categories: (1) the symptoms in the VA's rating are not supported by the treatment record; (2) the VA's finding is not consistent daily activities; and (3) the VA's finding

of 100% disability is not a function-by-function analysis.

### 1. Treatment Record

As to the first basis, the ALJ noted the VA's disability finding was based on "total occupational and social impairment, persistent delusions, GAF scores, suicidal ideation, anxiety, chronic sleep impairment, depressed mood, mild memory loss, and weekly panic attacks," but the ALJ found these symptoms vague and not fully supported by the record. (AR 1359 (citing AR 304 (Exhibits 2E; 3E)).) In contrast to the prior ALJ decisions, the ALJ supported this conclusion with a detailed discussion of the treatment record during the period at issue. (AR 1359-1363.) The ALJ focused on the nature and extent of treatment Plaintiff received during the relevant period.

The ALJ discussed in depth the mental health treatment Plaintiff received. (AR 1359-1361.) As noted by the ALJ, while Plaintiff was voluntarily admitted to the hospital for inpatient mental health treatment on May 11, 2011 based on suicidal ideation, she was not eligible for PTSD treatment following discharge because she was "resistant to addressing her substance abuse [marijuana use] which would be required for her eligibility into residential PTSD programming." (AR 1359; AR 444 (5/18/11 treatment notes).) The treatment notes for her initial post-discharge psychiatry evaluation indicate she denied suicidal ideations, stating at the time of her admission she had been having problems with her boyfriend and had recently lost her job, but her current relationship with her boyfriend was good. (AR 950.) She indicated she did not want to take medications and was more interested in therapy. (AR 953.) Ten days later she had a follow-up therapy session where she presented as "moderately anxious and depressed" and discussed issues she was having with her boyfriend. (AR 948.) At a follow-up visit a month later, she was again "moderately anxious and depressed" and reported she broke up with her boyfriend and was planning to move back in with her parents. (AR 947.) During a telephone session six days later, she reported she was "on top of the world" because she had just gotten married. (AR 945.) On July 15, 2011, she reported "things are going very well" and she was "doing better now that she [wa]s not taking any medications." (AR 944.) She felt she would "do well with being able to meet with a psychologist as needed and not see a psychiatrist." (AR 944.) In mid-August 2011,

United States District Court
Northern District of California

Plaintiff reported "things are going great for her." (AR 942.) Plaintiff was unavailable during follow-up calls in September and October 2011. (AR 939-941.) In November 2011, she reported she was no longer taking her medication, "she didn't get much out of counseling," she denied suicidal ideations, and did not mention any concerns. (AR 938.) Plaintiff was unavailable during follow-up calls through the end of the year. (AR 935-937.) In April 2012, the VA issued its decision finding Plaintiff 100% disabled based on PTSD as of July 5, 2011. (AR 298.) The record does not reflect any further mental health treatment records until nearly five years later when Plaintiff sought to reestablish PTSD care in April 2017. (AR 1089.)

Next, the ALJ considered Plaintiff's explanation during her hearing testimony for the lack of treatment after October 2012 through the date of last insured (March 2016). (AR 1361-1362.) The ALJ summarized her testimony as follows:

> (1) the VA informed her that it could no longer meet her needs due to an influx of new patients; (2) she had a general distrust of the VA because of negative experiences of her brother during his VA treatment for PTSD; (3) she did not want to take any medication for PTSD because of her belief that her brother had taken similar medications that led to his death by suicide; (4) she feared being re-committed to the acute psychiatric ward, which occurred previously after suffering an anxiety attack at work; and (5) she lost her VA insurance and had no other insurance.

(ARE 1361-1362.) While the ALJ found these reasons "borne out to some extent in the medical record," the ALJ concluded they did not explain why claimant did not seek mental health treatment outside the VA. (AR 1362.) The ALJ also considered whether Plaintiff's testimony was consistent with the record and concluded it was not. In particular, the ALJ concluded

> evidence also shows that she was not provided treatment because her mental impairments were deemed not as serious as others, and as stated above, she refused substance abuse treatment, and requested her treatment to end. In later records, the claimant had reported in May and June 2017, that her mental health treatment was terminated previously because her case was not as severe as others. Also in May 2017 treatment notes indicate the claimant had seen a VA therapist for a brief period of time, as discussed above, and reported that she was told that they had people that had more severe symptoms and her sessions were terminated (9F/14). In June of 2017, it was again noted in the treatment record that the claimant was previously hospitalized on a 5150 after her return from Iraq, she was being treated for PTSD and prescribed medications, which made her symptoms worse, and then VA terminated her treatment, as they had more severe cases (7F/41; 9F/11, 12). In all, it appears that the VA believed that the

> claimant's condition was not severe enough to continue treatment, compared to other veterans, and at the onset the claimant reported she did not want to continue mental health treatment.
>
> ***
>
> Finally, there is no mention of any loss of insurance in the record that caused her to terminate VA treatment; rather, it was the existence of more severe cases that caused that treatment to terminate with the VA.

(AR 1362-1363.)

The ALJ's conclusion that the nature and extent of treatment records does not support transferring the VA disability determination to the social security functional assessment is supported by substantial evidence. The ALJ "address[ed] how she had considered and weighed in the VA's rating" and articulated her reasons for finding it not fully supported. *Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018).

**2. Activities of Daily Living**

The ALJ also concluded the VA's disability rating was not consistent with Plaintiff's activities of daily living. The ALJ noted at the 2018, 2021, 2023, and 2025 hearings Plaintiff testified she takes care of her now seven children (she had three at the time of her initial hearing, and four at the time of her 2021 hearing). (AR 1369.) The ALJ relied on Plaintiff's testimony that she gets her children ready for school, takes them to school, and helps them with their homework. (AR 1369.) She also prepares meals, shops in stores, drives, completes daily household chores, rides a bike, goes to the pool, attends church, cares for the family dogs, and handles money. (AR 1370 (citing AR 54-56 (5/17/2018 hearing testimony) AR 338-345 (8/26/12 Function Report).) The ALJ also noted Plaintiff's husband's third-party function report indicated she performed "a substantial range of activities" including the above. (AR 1370 (citing AR 390-396).)

The ALJ concluded

> [s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. The claimant's ability to participate in such activities is not fully consistent with the claimant's allegations of disabling functional limitations. The claimant is able to drive, go out in public alone, handle money, help her children with homework, monitor her young children and interact with others including family and at the stores and school. These activities are not inconsistent with the mental residual functional capacity, above, to perform simple tasks with only occasional interaction with coworkers, supervisors, and the public consistent with her brief and superficial social interactions.

United States District Court
Northern District of California

(AR 1371.) Plaintiff's argument that this conclusion is inconsistent with Plaintiff's "documented 'difficulty focusing, stress-based agitation, and anxiety attacks" ignores that the ALJ addressed these limitations when formulating her RFC. (Dkt. No. 15 at 15 (citing AR 1452).) Indeed, immediately after the above statement, the ALJ concluded:

> The claimant would work best in an environment with only occasional changes in the work routine due to reported stressors. She would work best in an environment that is task oriented and does not require a specific production pace due to her reported attention difficulties.

(AR 1371.)

As with the ALJ's consideration of the treatment records, the ALJ provided a detailed explanation in support of her conclusion that is supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (cleaned up). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.*

**3. VA Finding Not a Functional Assessment**

The ALJ gave little weight to the VA finding of total occupational and social impairment due to PTSD because "there is no function by function assessment, no determination of the most the claimant can still do with her impairments." (AR 1372.) The Court previously concluded the ALJ erred in relying on this rationale as basis for discounting the VA's disability determination:

> Given "the marked similarity between the disability programs of the VA and of the SSA[, i]nsofar as the ALJ distinguished the VA's disability rating on the general ground that the VA and SSA disability inquiries are different, her analysis fell afoul of [prior precedent]." *See Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 695 (9th Cir. 2009) (cleaned up) (rejecting similar reasoning for discounting a VA finding of 100 percent disability). While the VA disability finding is not a function by function analysis, "both programs focus on analyzing a claimant's functional limitations" and "[t]he VA criteria for evaluating disability [is] very specific and translate[s] easily into SSA's disability framework." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The differences between the two programs cannot be the basis for rejecting the VA determination, as those differences exist in every case. The ALJ must explain why these differences are material in *this* case.

*Lauren M. v. Kijakazi*, No. 22-CV-02692-JSC, 2023 WL 1997775, at *7 (N.D. Cal. Feb. 14, 2023)

(emphasis in original).

The ALJ's discussion this time again reiterates that the VA did not perform a function-by-function analysis, but also explains, as discussed above, why the determination is inconsistent with the medical record as a whole including Plaintiff's activities of daily living. The ALJ also noted the conditions that give rise to a service-connected impairment for purposes of VA disability do not necessarily limit work activity for purposes of social security disability. (AR 1372.) Even if the ALJ erred in again relying on the fact the VA did not provide a function-by-function analysis, any such error is harmless given the other reasons the ALJ provided are supported by substantial evidence. *See Burch*, 400 F.3d at 679 ("A decision of the ALJ will not be reversed for errors that are harmless.").

***

In sum, the ALJ's decision, in contrast to the prior decisions, provides "persuasive, specific, valid reasons for [giving less weight to the VA's determination] that are supported by the record." *Luther v. Berryhill*, 891 F.3d 872, 876–77 (9th Cir. 2018). Plaintiff's insistence the record supports an alternative result is essentially a request that the Court reweigh the evidence and reach a different conclusion. This, of course, the Court may not do. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

### B. Step Three Findings as to the Severity of Plaintiff's Mental Impairments

The Social Security Administration has supplemented the five-step general disability evaluation process with a specific procedure governing the evaluation of mental impairments. *See generally* 20 C.F.R. § 416.920a. First, the ALJ must determine whether the claimant has a medically determinable mental impairment. *Id.* § 416.920a(b)(1). Next, the ALJ must assess the degree of functional limitation resulting from the claimant's mental impairment with respect to the following functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* §§ 416.920a(b)(2), (c)(3). The ALJ must evaluate these four areas on a five-point scale: none, mild,

moderate, marked, or extreme. *Id*. § 416.920a(c)(4). Finally, the ALJ must determine the severity of the claimant's mental impairment and whether that severity meets or equals the severity of a mental impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 416.920a(d)(2). In order to meet the severity of any listed impairment, the claimant must satisfy the "Paragraph B criteria," which requires that a claimant's mental disorder "result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Listing 12.00(A)(2)(b). If the ALJ determines the severity of the claimant's mental impairment meets or equals the severity of a listed mental impairment, the claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(iii). Otherwise, the evaluation proceeds to step four of the general disability inquiry, when the ALJ must determine the Plaintiff's mental RFC. *See id*. § 416.920a(d)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *4 (S.S.A. 1996).

The ALJ followed this procedure. First, the ALJ found Plaintiff had severe mental impairments of PTSD, major depressive disorder, panic disorder, and cannabis use disorder. (AR 1353.) Next, the ALJ evaluated Plaintiff's functional limitations in (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (AR 1355-1356.) The ALJ found Plaintiff had moderate limitations in each category. (AR 1355-1356.) Because the ALJ did not find extreme limitations in any of these categories, or marked limitations in two of these categories, the ALJ concluded the "paragraph B" criteria was not satisfied and therefore Plaintiff did not have a mental impairment that meets or equals in severity any listed impairment. (AR 1356.) The ALJ then assessed Plaintiff's RFC. (AR 1356.)

Plaintiff insists the ALJ erred in concluding Plaintiff did not have marked or extreme limitations and thus did not meet the criteria for listings 12.04, 12.06, and 12.15. In particular, Plaintiff contends the ALJ erred in weighing the medical opinions of consultative examiner Dr. Dixit and medical expert Dr. McCain. Plaintiff urges the ALJ committed the same errors as the Court found warranted remand the last time. Not so.

First, in contrast to the prior decision which found no severe impairments based on only mild limitations, the ALJ this time concluded Plaintiff had severe mental impairments with

moderate limitations in each category. (*Compare* AR 1203-1204 (Sept. 29, 2021 decision) *with* AR 1355-1356 (April 24, 2025 decision).)

Second, whereas the ALJ's prior decision finding only mild limitations was premised on Dr. McCain's opinion at the September 2021 hearing (AR 1195), the ALJ's review of the severity of the limitations in each functional area this time was based on Dr. McCain's testimony, Plaintiff's hearing testimony, Plaintiff's function report, and the 2012 consultative exam by Dr. Tanley (AR 722). As for the latter, Dr. Tanley provided a functional assessment of Plaintiff that concluded she had no difficulty with remembering, following instructions, maintaining attention and concentration, or performing simple tasks, but she was at risk for workplace stressors and might have difficulty with the social aspects of work. (AR 726.)

Third, the ALJ only gave Dr. McCain's opinion "partial weight" because it was contradicted by Dr. Tanley's opinion, Dr. Dixit's opinion, and the record as a whole. (AR 1365.) This contrasts with the "great weight" the prior ALJ assigned to Dr. McCain's opinion. (AR 1197.) Plaintiff's argument Dr. McCain's opinion should be assigned no weight asks the Court to substitute its judgment for the ALJ's which it may not do. *See Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1002 (9th Cir. 2015) ("[I]f the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). The ALJ provided a detailed discussion of Dr. McCain's opinion and analyzed how it was consistent—and inconsistent—with the medical record as a whole. (AR 1363-1366.)

Fourth, to the extent Plaintiff contends the ALJ erred by relying on the same bases for assigning little weight to Dr. Dixit's opinion as the Court previously found inadequate, the Court agrees the ALJ offered same rationale. (*Compare* AR 1201 *with* AR 1366.) However, the record does not establish the new ALJ gave the same meaning to "little weight" as the prior ALJ since, among other things, the new ALJ concluded Plaintiff had moderate limitations in each functional area (in contrast to the mild limitations assigned previously). Further, in light of the additional support this ALJ provides for her findings regarding the medical record as a whole and Plaintiff's activities of daily living, as discussed above, substantial evidence supports the ALJ's assignment

United States District Court
Northern District of California

of little weight to Dr. Dixit's opinion generated two years after the date of last insured given that "there is no supporting medical evidence during the period at issue to support marked limitations." (AR 1366.)

When considering whether a claimant meets a listing requirement, the "ALJ must evaluate the relevant evidence," *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001), and provide "an adequate statement of the "foundations on which the ultimate factual conclusions are based." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). The ALJ's decision here satisfies these requirements and is supported by substantial evidence.

**C. Gaps in Treatment**

Next, Plaintiff insists the ALJ erred in relying on gaps in the treatment record to find a period of non-disability. This argument fails for the same reason it failed as a basis for challenging the ALJ's finding that the VA's determination of disability was not fully supported. The ALJ specifically considered the five reasons Plaintiff offered in her hearing testimony to explain the gap in treatment and provided specific reasons supported by substantial evidence for finding they did not explain the absence of treatment during the relevant period. (AR 1361-1363.)

**D. RFC Finding**

Finally, Plaintiff argues the ALJ's RFC is not supported by substantial evidence. Plaintiff insists the RFC is contrary to the VA's finding of total and permanent and total disability, and Dr. Dixit's conclusions regarding her marked limitations in several functional areas. (Dkt. No. 15 at 21.) Plaintiff's argument is essentially a rehash of arguments the Court has considered and rejected and thus fails to demonstrate the RFC was in error. *See Hairston v. Saul*, 827 F. App'x 772, 773 (9th Cir. 2020) (rejecting claimant's arguments that RFC and step-five findings were unsupported by substantial evidence as "derivative of her preceding arguments addressed and rejected above."); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) ("In arguing the ALJ's hypothetical was incomplete, [the claimant] simply restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts. As discussed above, we conclude the ALJ did not.").

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, the Court AFFIRMS the Commissioner's decision. Separate judgment will follow.

This Order disposes of Docket Nos. 15, 16.

**IT IS SO ORDERED.**

Dated: July 30, 2026

JACQUELINE SCOTT CORLEY
United States District Judge